SUMMONS ISSUED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ NOV 27 2012 ★
BROOKLYN OFFICE

---

Nicole Blythe,

        Plaintiff,

v.

Altitude Funding Associates LLC; and
DOES 1-10, inclusive,

        Defendants.

Civil Action No.: CV 12- 5859

KUNTZ, J.

**COMPLAINT**

---

For this Complaint, the Plaintiff, Nicole Blythe, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Nicole Blythe ("Plaintiff"), is an adult individual residing in Brooklyn, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Altitude Funding Associates LLC ("Altitude"), is a Florida business entity with an address of 324 Datura Street 115, West Palm Beach, Florida 33401, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Altitude and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Altitude at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3,000.00 (the "Debt") to Saks 5th Avenue (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Altitude for collection, or Altitude was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Altitude Engages in Harassment and Abusive Tactics

12. On November 8, 2012, Defendants' collector contacted Plaintiff's father, Alvin Blythe, misrepresented himself as Plaintiff's friend who had lost contact with Plaintiff and obtained Plaintiff's work telephone number.

13. Later the same day, the collector called Plaintiff at her cellular telephone line in an attempt to collect the Debt.

14. The collector failed to inform Plaintiff that the call was from a debt collector. The collector also failed to inform Plaintiff that the communication was an attempt to collect a debt

2

and everything Plaintiff said would be used for that purpose.

15. Plaintiff informed the collector that at the moment she could not pay the Debt.

16. In his response, the collector demanded that plaintiff pay the Debt immediately and threatened to file a lawsuit against Plaintiff if she failed to do so.

17. Moreover, the collector threatened to call Plaintiff's employer and to garnish Plaintiff's wages if she failed to pay the Debt.

18. The above threat is false and misleading since Defendants have not filed a lawsuit against Plaintiff and, therefore, have not obtained a judgment, which would allow Defendants to garnish Plaintiff's wages.

19. Thereafter, Defendants called Plaintiff's place of employment, spoke with Plaintiff's office manager, stated that the call was from a debt collector and that the purpose of the call was to verify Plaintiff's employment.

20. On the following day, the collector placed another call to Plaintiff's cellular telephone and left a voice message stating "the clock is ticking" in an attempt to intimidate Plaintiff into paying the Debt.

21. In the voice message, the collector failed to inform Plaintiff that the call was from a debt collector and that it was an attempt to collect a debt.

## C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

3

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

27. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

29. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

31. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

36. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

38. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

42. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

43. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

44. By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named the Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 20, 2012

                                      Respectfully submitted,

                                      By_____

                                      Sergei Lemberg (SL 6331)
                                      LEMBERG & ASSOCIATES L.L.C.
                                      1100 Summer Street, 3rd Floor
                                      Stamford, CT 06905
                                      Telephone: (203) 653-2250
                                      Facsimile: (203) 653-3424
                                      Attorneys for Plaintiff